UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:15-00075 |
| | ) | JUDGE CAMPBELL |
| GEORGE IVORY | ) | |
| ANTHONY COLEMAN | ) | |

MEMORANDUM AND ORDER

Pending before the Court are the Defendants' Motions To Sever (Docket Nos. 119, 123, 125), the Government's Response (Docket No. 130), and the Defendants' Replies (Docket Nos. 143, 144). The Court held a hearing on the Motions on October 18, 2016. The Motions are GRANTED in part, and DENIED in part, as set forth herein.

The Superseding Indictment (Docket No. 17) in this case charges Defendant Ivory as follows: in Count One, with possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); in Count Two, with Hobbs Act robbery and extortion, in violation of 18 U.S.C. § 1951; in Count Three, with using, carrying, brandishing and discharging a firearm during and in relation to a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and in Count Four, with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) and 924. Counts One through Four allege that the crimes occurred on May 1, 2015. (Id.)

Defendants Ivory and Coleman are charged together in Count Five with being felons in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), 924, and 2; and in Count Seven, with using, carrying, and brandishing a firearm during and in relation to a drug trafficking

offense, in violation of 18 U.S.C. § 924(c)(1) and 2. (Id.) Counts Five and Seven allege that the crimes occurred on March 23, 2015. (Id.)

Defendant Coleman is charged alone in Count Six with possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), on March 23, 2015. (Id.)

Through his Motion, Defendant Coleman seeks to sever trial of the first four counts from the last three counts because, he argues, the May 1, 2015 incident underlying the first four counts does not relate to him in any way, and proof on those counts will have a prejudicial spillover effect impairing his right to a fair trial.

Defendant Ivory seeks to sever trial of the first four counts from the last three counts because, he argues, they involve two separate incidents. Defendant Ivory further seeks to sever Counts Four and Five from the other counts because, he argues, his status as a convicted felon will prejudice the jury's consideration of the other counts.

In its Response, the Government argues that severance is not warranted because the incident underlying the first four counts and the incident underlying the remaining counts are connected because they both took place in the same location in North Nashville, and because Defendant Ivory's motivation in attempting to control the drug trade in that area underlies both incidents.

Rule 8(a) of the Federal Rules of Criminal Procedure provides that the indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Rule 8(b) provides that the indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or

transaction, or in the same series of acts or transactions, constituting an offense or offenses." Rule 14 provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

The Court finds it unnecessary to determine whether the March 23, 2015 counts and the May 1, 2015 counts were properly joined in this case because it is persuaded that severance of the respective counts is warranted under Rule 14. The counts relating to the May 1, 2015 incident charge Defendant Ivory with participating in a robbery and shooting, and are not alleged to have any connection to Defendant Coleman. Defendant Coleman would likely be prejudiced by the spillover effect of the evidence relating to those counts in a trial of both incidents. Accordingly, the Court concludes that trial on Counts One through Four should be severed from trial on Counts Five through Seven.

Defendant Ivory's request to sever Counts Four and Five charging convicted felon in possession of a firearm is denied as the Court is persuaded that any potential prejudice may be cured by limiting instructions and stipulations. See, e.g., United States v. Atchley, 474 F.3d 840, 853 (6th Cir. 2007); United States v. Smith, ___ Fed. Appx. ___, 2016 WL 3974117, at *2 (6th Cir. July 22, 2016).

By previous Order (Docket No. 114), the Court set this case for trial on November 15, 2016. The Court will try Counts Five through Seven on that date. The pretrial conference and deadlines set forth in the previous Order (Docket No. 114) remain as scheduled. The Court will set the trial of Counts One through Four by separate order.

It is so ORDERED.

                                                        TODD J. CAMPBELL  
                                                        UNITED STATES DISTRICT JUDGE